THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY CARRIERS, INC.,<br><br>Defendant. | CASE NO. C14-0844 JCC<br><br>ORDER GRANTING ENTRY OF CONSENT DECREE |

This matter comes before the Court on the parties' stipulation motion for entry of a consent decree (Dkt. No. 12).

Having considered the stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.  This Court has jurisdiction over the parties and subject matter of this action.

2.  Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3.  This Consent Decree applies to and binds the parties and their successors and assigns, their corporate affiliates, parents, and employees.

4.  This Consent Decree and any injunctive relief ordered within will apply to the operation, oversight, or both by Quality Carriers of its facility located at or about 19929 77th

Ave. S., Kent, WA 98032 ("Facility"), which was previously subject to National Pollutant Discharge Elimination System Permit No. WAR000411 ("NPDES permit").

5.   This Consent Decree is a full and complete settlement and release of all the claims in the complaint, the sixty-day notice and all other claims known and unknown, contingent or otherwise, for any acts or omissions, existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility against Quality Carriers and the operators of the Kent Washington terminal, Novirtis Transport, Inc. and QualaWash Holdings, LLC, their subsidiaries, parents, corporate affiliates, employees, agents, successors and assigns. These claims are released and dismissed with prejudice.

6.   This Consent Decree is a settlement of disputed facts and law.

7.   Quality Carriers agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Consent Decree:

   a.   Within seven (7) days of the entry of this Consent Decree, Quality Carriers will submit an application for NPDES permit coverage under the ISGP to Ecology. Within seven (7) days of transmittal, Quality Carriers will provide a copy of this application to Waste Action Project. Quality Carriers will provide a copy of Ecology's written issuance or denial of NPDES permit coverage within seven (7) days of Quality Carriers' receipt. Should Ecology deny Quality Carriers' application for permit coverage, Quality Carriers must, as the owner of the Facility and the landlord of the Novirtis, take all actions necessary to ensure that Novirtis submits a complete application for NPDES permit coverage within 45 days of receipt of such denial. Novirtis' application shall be provided to Plaintiff within seven (7) days of submittal;

      b.    Quality Carriers will comply fully with all conditions of any NPDES Permit issued by the Department of Ecology and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility. Quality Carriers will take all actions necessary to ensure that tenants at the Facility comply with any NPDES Permit issued by the Department of Ecology and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility;

      c.    As soon as the Department of Ecology approves Quality Carriers' application for permit coverage, Quality Carriers will complete and pay for all stormwater monitoring, reporting, and training obligations under any NPDES Permit issued from the Department of Ecology and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility. If the Department of Ecology denies Quality Carriers' application for permit coverage, Quality Carriers will ensure that the tenants at the Facility complete all stormwater monitoring, reporting, and training obligations under any NPDES Permit issued from the Department of Ecology and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility;

      d.    To the extent that Quality Carriers or its tenants do not comply with the new NPDES permit issued by the Department of Ecology, Plaintiff shall be entitled to bring any action allowable under law to enforce such permit or any other requirement of the Clean Water Act against any owners or operators of the Facility. The Court shall retain jurisdiction of this matter to enforce the terms of the new permit.

e. Quality Carriers will clean catch basins and stormwater lines on a regular basis as required under any NPDES Permit issued from the Department of Ecology and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility and as necessary to ensure proper functioning of the stormwater system at the Facility;

f. Quality Carriers will retain a qualified stormwater consultant to update its stormwater pollution prevention plan ("SWPPP") at the Facility to comply with the current version of the ISGP. Quality Carriers will take all actions necessary to ensure that the SWPPP is fully implemented and that the Facility's tenants comply with the SWPPP and any modifications to the SWPPP; and

g. For a period of two (2) years after the entry of the decree, Quality Carriers shall, on a quarterly basis, forward to Waste Action Project copies of all communications to or from Ecology related to its NPDES permit or stormwater discharges from the Facility, including but not limited to discharge monitoring reports, annual reports, engineering reports, reports of non-compliance with the NPDES permit, and NPDES permit terms or coverage.

8. Not later than seven (7) days after the entry of this Consent Decree by this Court, Quality Carriers will pay FIFTY FIVE THOUSAND DOLLARS ($55,000.00) to Green River Community College Foundation as described in Attachment A of this Consent Decree for environmental benefit projects in the Green River watershed. Checks will be made to the order of Green River Community College Foundation and delivered to: 12401 SE 320th St., Auburn, WA 98092-3622 Attn: George P. Frasier. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Waste Action Project v. Quality

ORDER GRANTING ENTRY OF CONSENT DECREE
PAGE - 4

Carriers, Inc." A copy of the check and cover letter, if any, will be sent simultaneously to Waste Action Project and its counsel.

9. Within seven (7) days of entry of this Consent Decree by the Court, Quality Carriers shall pay Waste Action Project's actual litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) incurred in this matter in the amount of THIRTY THOUSAND dollars ($30,000) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Knoll Lowney. Smith & Lowney, PLLC certifies that the litigation expenses incurred to date exceed $30,000. Quality Carriers' payment shall be in full and complete satisfaction of any claims Waste Action Project has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the litigation.

10. A force majeure event is any event outside the reasonable control of Quality Carriers that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Quality Carriers notifies Waste Action Project of the event; the steps that Quality Carriers will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Quality Carriers will notify Waste Action Project of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a.  Acts of God, war, insurrection, or civil disturbance;

b.  Earthquakes, landslides, fire, floods;

c.  Actions or inactions of third parties over which Quality Carriers has no control;

d.  Unusually adverse weather conditions;

e.  Restraint by court order or order of public authority;

f.  Strikes;

g.  Any permit or other approval sought by Quality Carriers from a government authority to implement any of the actions required by this consent decree where such approval is not granted or is delayed, and where Quality Carriers has timely and in good faith sought the permit or approval; and

h.  Litigation, arbitration, or mediation that causes delay.

11.  This Court retains jurisdiction over this matter. And, while this Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this Decree.  In the event of a dispute regarding implementation of, or compliance with, this Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute as provided in section 17 of this Decree.  The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party,

will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

12. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency (EPA). Therefore, upon the filing of this Consent Decree by the parties, Waste Action Project will serve copies of it upon the Administration of the EPA and the Attorney General, with copy to Quality Carriers.

13. This Consent Decree will take effect upon entry by this Court. It terminates three (3) years after that date; or 90 days after the parties' completion of all obligations imposed by this Decree; whichever is later.

14. Both parties have participated in drafting this decree.

15. This Consent Decree may be modified only upon the approval of the Court.

16. If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

17. Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other communication regarding this decree to be valid, it must be delivered to the receiving party at

ORDER GRANTING ENTRY OF CONSENT
DECREE
PAGE - 7

the one or more addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 17.

**if to Waste Action Project:**

Greg Wingard
Waste Action Project
P.O. Box 4832
Seattle, WA 98194

**and to:**

Knoll Lowney
Smith & Lowney PLLC
2317 East John St.
Seattle, WA   98112
email: knoll@igc.org

**if to Quality Carriers**
James A. Rakitsky
Quality Distribution, Inc.
102 Pickering Way
Suite 105
Exton, PA 19341
jrakitsky@qualitydistribution.com

**and to:**

Bonni F. Kaufman
Holland & Knight, LLP
801 17TH Street, NW
Suite 1100
Washington, DC 20006
bonni.kaufman@hklaw.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day.  A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally

recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

For the foregoing reasons, the parties' stipulated motion for entry of a consent decree (Dkt. No. 12) is GRANTED.

DATED this 16 day of October 2015.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE